IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 MAR 14 P 3: 14
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| SHEKELA JONES FIELDER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: 2:19-cv-186-GMB |
| v. ) | |
| ) | |
| THE HOTEL AT AUBURN ) | JURY DEMAND |
| UNIVERSITY AND DIXON ) | |
| CONFERENCE CENTER, and ) | |
| ALLEGIANCE STAFFING, LLC., ) | |
| ) | |
| DEFENDANTS. | |

**COMPLAINT**

**I.   NATURE OF THIS ACTION**

1.  Plaintiff brings this action to redress discrimination and retaliation in employment on the basis of race. Specifically, Plaintiff Shekela Jones Fielder brings this action for injunctive relief, backpay, compensatory damages, punitive damages, and attorneys' fees and costs under Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 2000e *et seq.* and 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981.

**II.   JURISDICTION, VENUE, AND CONDITIONS PRECEDENT TO SUIT**

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, 42 U.S.C. § 12117, and 42 U.S.C. § 12133. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and Section 1981. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-to-Sue letter from the EEOC.

4. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b), and the Northern Division pursuant to Title VII's choice-of venue provision, 42 U.S.C. § 2000e-5(f).

### III. PARTIES

5. Plaintiff, Shekela Jones Fielder, (hereinafter "Plaintiff") is a female citizen of the United States, over forty (40) years old, and a resident of the State of Alabama.

6. Defendant, Allegiance Staffing, LLC ("Allegiance"), is an entity subject to suit under the Title VII and Section 1981.

7. Defendant, The Hotel at Auburn University ("The Hotel"), is an entity subject to suit under Title VII and Section 1981.

8. Defendants Allegiance Staffing, LLC and The Hotel at Auburn University ("Defendant Companies") were at all times relevant to this action Plaintiff's joint employers.

## IV. FACTS

### A. BACKGROUND

9. Plaintiff was hired by Allegiance Staffing to work for The Hotel at Auburn University.

10. Plaintiff worked for Defendants from March 31, 2018 until May 21, 2018 as a dishwasher.

11. Plaintiff performed her job well and never received a negative write-up or coaching during her employment.

12. On or about May 11, 2018, a manager in the kitchen employed directly by the hotel named Jeremy called another African American employee, who goes by the name "Ro Row," a monkey.

13. Plaintiff and "Ro Row" were both shocked and offended by the statement and Plaintiff told "Ro Row" that he needed to tell Jeremy that they were both offended by the "monkey" comment as it was racially offensive.

14. "Ro Row" complained to Jeremy that both he and Plaintiff were offended by the "monkey" comment because it was racially offensive to refer to an African

3

American as a monkey.

15. After "Ro Row" complained to Jeremy, Jeremy came into the kitchen, which is primarily staffed with African Americans, and stated that "I have worked with 'you people' all my life," and that "I would rather work with 'your kind' than 'my kind.'"

16. Jeremy's act of referring to African Americans as "you people" and "your kind" further offended Plaintiff, and on or about May 12, 2018, Plaintiff reported Jeremy's racial comments to Kim at Allegiance and stated that Jeremy had used racially offensive language, including addressing a fellow African American employee as a "monkey," making statements that he had worked with "you people" (referring to African-Americans) all of his life, and referring to African Americans as "your kind."

17. Kim instructed Plaintiff to report the incidents to the hotel's human resources department.

18. Plaintiff reported Jeremy's comments to the hotel's human resources department, and Plaintiff wrote a formal complaint.

19. After Plaintiff went to human resources at the hotel, Jeremy began throwing glasses that were still half full of water into the dishwashing trays to intentionally splash water all over Plaintiff.

20. On or about May 21, 2018, Plaintiff was getting ready for work when she received a call from Allegiance informing Plaintiff that her assignment at the hotel had ended.

21. Plaintiff asked Allegiance why she was terminated from the hotel and they told Plaintiff that she had been on her cell phone in the bathroom, which Plaintiff promptly denied because she had not been on her cell phone.

22. Plaintiff asked Allegiance if she could get a copy of her written complaint to human resources, and Allegiance told Plaintiff that she could not have a copy and she was no longer allowed on the property.

23. Plaintiff subsequently learned that Jeremy had instructed another employee to e-mail Allegiance to fire her.

24. Plaintiff called the hotel's human resources department and asked if she could get a copy of her complaint, and they told her no.

25. Later that day, Plaintiff called Allegiance and asked to be reassigned to another job, and Allegiance informed Plaintiff that nothing was available.

26. Plaintiff continued calling Allegiance numerous times, requesting another job assignment, but Allegiance still has not placed her in a job.

## V. CAUSES OF ACTION

**COUNT I   DISCRIMINATORY   DISCHARGE   AGAINST BOTH**

**DEFENDANTS UNDER TITLE VII AND SECTION 1981**

27. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

28. Plaintiff brings this Count against the Defendant Companies pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e *et seq.*, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981.

29. Defendants discriminated against Plaintiff because of her African American race by discriminating against her in the terms, conditions and privileges of her employment, including but not limited to terminating her employment.

30. Defendants have failed to articulate a legitimate non discriminatory reason for its discriminatory practices and its decision to terminate Plaintiff.

31. Defendants engaged in the practices complained of herein intentionally and/or with reckless indifference to Plaintiff's federally protected rights.

**COUNT II – RETALIATORY DISCHARGE AGAINST BOTH DEFENDANTS UNDER TITLE VII AND SECTION 1981**

32. Plaintiff re-alleges and incorporates the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

33. Plaintiff brings this Count against the Defendant Companies pursuant to Title

VII and Section 1981.

34. Plaintiff engaged in protected activity when she complained about her manager making racially offensive comments at work.

35. In response to Plaintiff complaining of race discrimination, Defendants retaliated against the Plaintiff by taking materially adverse actions against her, up to and including terminating her employment.

36. Defendant has failed to articulate a legitimate reason for the adverse employment actions it took against Plaintiff.

37. Defendant engaged in the practices complained of herein wilfully and with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## COUNT III – RETALIATORY FAILURE TO REHIRE CLAIM AGAINST ALLEGIANCE STAFFING UNDER SECTION 1981

38. Plaintiff re-alleges and incorporates the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

39. Plaintiff brings this Count against Allegiance pursuant to Section 1981.

40. Plaintiff engaged in protected activity when she complained about her manager making racially offensive comments at work.

41. In response to Plaintiff complaining of race discrimination, Defendant Allegiance Staffing retaliated against the Plaintiff by failing to rehire her in

another position at another company.

42. Defendant Allegiance has failed to articulate a legitimate reason for failing to rehire Plaintiff at another company.

43. Defendant Allegiance engaged in the practices complained of herein wilfully and with malice and/or with reckless indifference to Plaintiff's federally protected rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendants are violative of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff reinstatement and a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants, and at Defendants' request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to Title VII.

3. Enter an Order requiring Defendants to make Plaintiff whole by awarding her reinstatement in the position and salary level she would have occupied absent discrimination and retaliation or requiring Allegiance to instate her into a

position she would have occupied absent retaliation, backpay (including lost overtime compensation), front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory damages, punitive damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**Plaintiff Demands a Trial by Struck Jury.**

Respectfully submitted,

/s/
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-A61S
Christina Malmat asb-1214-y44q
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER, GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANTS' ADDRESSES:**
THE HOTEL AT AUBURN UNIVERSITY

AND DIXON CONFERENCE CENTER
c/o Hotel Manager
241 South College Street
Auburn, AL 36830

ALLEGIANCE STAFFING, LLC.
c/o President
5726 Root Road
Spring, TX 77389